Pardee, Circuit Judge.
On the 14th of November, 1889, the Norwegian bark Foldin, then lying at Stettin, was chartered to W. S. Keyser to take a cargo of hewn or sawn pitch pine timber from Ship island to the port of Liverpool. The charter contained the usual general clauses, together with the following special clause, which is the subject of dispute in this case, viz.: “Twenty-two running days, Sundays and holidays excepted, are to be allowed * * * in which to load the ship at port of loading. * * * In the-computation of the days allowed for delivering the cargo shall be excluded any time lost by reason of floods, droughts, storms, or any extraordinary occurrence beyond the control of the charterers. Demurrage to be paid for each working day beyond the days allowed for loading at £12 per day, and the charterers may keep the ship on demurrage ten days.” The libel alleges, and the answer admits, that the vessel arrived and was ready to receive cargo on the 21st day of January, 1890, and that the lay days in due course expired February 15, 1890, at which date no cargo had been furnished. Delivery of cargo did not begin until February 20th, and the loading was not completed until March 27, 1890. As an excuse for this delay the defendant alleges in his answer “that, at the time the said bark reported for cargo under the terms of said charter, there was an unusual, general, and extensive drought prevailing throughout the whole section of country from which timber is obtained for the loading of ships at Ship island, Moss point, and other points in *170 the vicinity, which drought continued for a long time, and prevented this respondent from obtaining cargo for the loading of said vessel, notwithstanding he had made arrangements for procuring same in ample time to have loaded her within the period of twenty-two running days, but for said drought and storms.”
This case also is similar to that of Sorensen v. Keyser, 52 Fed. Rep. 163, (just decided.) The differences are that the lay days for loading cargo are described as “running days, Sundays and legal holidays excepted,” instead of working days, a lesser rate of demurrage, and that the cargo to be furnished was to be hewn or sawn pitch pine timber. From the demurrage dayselaiméd, and ordinarily expiring on February 1st, we deduct February 8th, as a stormy day, leaving 35 days for which demurrage is due at £12 per day.
For the reason given in Sorensen v. Keyser, it is ordered that the decree of the district court appealed from be and the same is hereby reversed; and that this cause be remanded to the district court, with instructions to enter a decree in favor of libelants in the sum of $8,043.72, and costs, together with the costs of this appeal.